IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-07-003 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

Plaintiffs bring this action against the United States of America under the Federal Tort Claims Act, the Suits in Admiralty Act, and the Public Vessels Act. The United States of America filed a Motion to Transfer Venue to the Southern District of California, and Plaintiffs are opposed to the Motion. For the reasons articulated below, the United States' Motion to Transfer Venue to the Southern District of California is **GRANTED**.

**I. Background and Analysis**

Plaintiffs allege that, on or about October 5, 2005, the U.S. Coast Guard Law Enforcement Detachment, which was operating the USS MCCLUSKY, unlawfully and negligently stopped, searched, arrested, detained, and imprisoned Plaintiffs, seized their vessel, and destroyed the cargo and fish on board. The alleged unlawful search and seizure occurred in international waters off the Galapagos Islands and was allegedly conducted because Plaintiffs were suspected of smuggling and possessing illegal drugs.

The United States requests that the Court transfer this case to the Southern District of

1

California because the USS MCCLUSKY was physically located in its homeport, San Diego, on the date that the claim was filed. Under the Public Vessels Act, a claim may be filed against the United States, but the claim must be filed in the "district court of the United States for the district in which the vessel or cargo is found within the United States." Public Vessels Act, 46 U.S.C. § 31104(a); *see Sherman v. U.S.*, 246 F. Supp. 547 (W.D. Mich. 1965) (transferring a case from Michigan to Wisconsin when the vessel was moored in Wisconsin at the time the suit was filed, even though the incident giving rise to the suit occurred in Michigan).

Plaintiffs claim that they were aware that the USS MCCLUSKY's homeport was in the Southern District of California, but that they wanted to file the claim in the Southern District of Texas. Plaintiffs claim that Houston, Texas is the most convenient U.S. location for them. Plaintiffs are Ecuadorian Nationals, and there are allegedly economical nonstop flights from Ecuador to Houston each day. Plaintiffs claim that the only flights from Ecuador to San Diego stop through Houston.[1]

Because Plaintiffs had a strong desire to litigate this matter in the Southern District of Texas, they claim that they tried to wait to file the claim until the USS MCCLUSKY was not in port so that the mandatory venue rules would not require them to litigate in San Diego. However, they were unable to obtain information from the U.S. Coast Guard regarding the USS MCCLUSKY's location. Plaintiffs claim that the phone calls they made inquiring about the vessel's location either went

---

[1]Plaintiffs do not address flights to the relatively nearby, enormous Los Angeles International Airport. While a quick search on the internet reveals that there are no nonstop flights from Ecuador to Los Angeles International at this time, it is generally substantially less expensive to fly from Ecuador to Los Angeles than it is to fly to San Diego. Furthermore, on some dates, it is less expensive to fly from Ecuador to Los Angeles (with the stop) than to fly nonstop to Houston.

unanswered, or, when the calls were answered, Plaintiffs were told that the location of the USS MCCLUSKY could not be disclosed as a matter of national security.

Plaintiffs request that the Court disregard the United States' assertion that the USS MCCLUSKY was in port on the day in which the claim was filed under the doctrine of judicial or equitable estoppel. According to Plaintiffs, they had no choice but to rely on the actions of the agents of the United States, who refused to give them information. The Court finds that estoppel in not appropriate in this action. Plaintiffs did not rely on any assertions by the United States that the USS MCCLUSKY was not in port when it in actuality was. Rather, the United States did not give them any information about the location of the vessel. While Plaintiffs claim that the information was withheld under the "guise of national security," the Court finds that, particularly given the current state of national affairs, the United States was justified in withholding the vessel's location. This Court is not in the position to second guess the Executive Branch's invocation of heightened measures of security for the protection and well-being of U.S. vessels and their crews. Thus, the United States is not estopped from asserting that the USS MCCLUSKY was in port on the date in which this claim was filed.

## II. Conclusion

The Court sympathizes with Plaintiffs' claims regarding their convenience and is tempted to retain the case in the interest of equity. Moreover, the case involves very interesting facts and applicable law. However, the United States is entitled to sovereign immunity, and, under the Public Vessels Act, its waiver of immunity is clearly and unambiguously limited and applies only when the case is litigated in the forum in which the vessel was found when the lawsuit was filed. Here, the vessel was in the Southern District of California when the claim was filed. Therefore, the United

States' Motion to Transfer to the Southern District of California must be and hereby is **GRANTED**. This case is hereby **TRANSFERRED** to the Southern District of California pursuant to 28 U.S.C. § 1404. Any unresolved issues are respectfully deferred to the considered judgment of the transferee court. Each Party is to bear its own taxable costs and expenses incurred herein to date.

   **IT IS SO ORDERED**.

   **DONE** this 30th day of April, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge